104 551
s 108 612

ORIN B. MOSHER v. SALLY MOSHER.

*Deed—Delivery—Cancellation.*

In a suit to establish a lost deed, and set aside a deed subsequently executed to the defendant, the bill charged that the first deed was executed on the sale of the land upon a valuable consideration paid by the grantee, subject to a life estate reserved to the grantor, and was delivered to a third person,

subject to the condition that it should not be recorded until after the grantor's death. And it is held that, while the evidence justifies a finding that the deed was executed and delivered as claimed, the allegation that it was upon a consideration actually paid by the grantee is not sustained: that the deed was subject to recall by the grantor; that the fair inference from the testimony is that the deed was by him recalled and destroyed; that he had the right to do this, and, the complainant having failed to establish the title alleged in his bill, the relief prayed for therein must be denied.

Appeal from Hillsdale. (Lane, J.) Submitted on briefs February 14, 1895. Decided April 2, 1895.

Bill to establish a lost deed, and to set aside a subsequent deed as a cloud upon complainant's title. Defendant appeals. Decree reversed, and bill dismissed. The facts are stated in the opinion.

*F. A. Lyon,* for complainant.

*James S. Galloway* (*R. A. Watts,* of counsel), for defendant.

MONTGOMERY, J. The bill in this case is filed for the purpose of establishing an alleged lost deed, claimed to have been made in his lifetime by Oliver E. Mosher and Mary Mosher, his wife, to Alva L. Mosher and Eva Mosher, husband and wife, Alva L. Mosher being a son of Oliver E. Mosher. The bill also asks that a deed subsequently executed by Oliver E. Mosher to the defendant, who became the wife of Oliver E. Mosher after the decease of his former wife, Mary, be set aside as a cloud upon the complainant's title. Complainant derives title by conveyance from Alva L. Mosher and Eva Mosher. The circuit judge decreed the relief prayed in the bill, and the defendant appeals.

The bill alleges that on the 17th of December, 1884, Oliver E. Mosher and Mary, his wife, sold and conveyed

the premises described to Alva L. Mosher and Eva Mosher, his wife, it being expressly understood and agreed that said Oliver E. Mosher and Mary Mosher should have the use, rents, issues, and profits of the real estate conveyed, being a house and lot, during the natural life of either, and that the deed of conveyance was not to be placed upon record in the office of the register of deeds until after the death of Oliver E. Mosher and Mary Mosher, and to that end the conveyance was executed and acknowledged for a valuable consideration, to wit, the sum of $1,500, then and there paid by said Alva L. Mosher, and the deed was delivered to one Robert Weir, the same being a complete and absolute delivery of said deed of conveyance, with the agreement, however, that the same would not be placed of record until after the death of Oliver E. and Mary Mosher, and was then to be placed upon record in the office of the register of deeds.

There is no absolute evidence by any witness of the execution of this deed. One Walter R. Branch was sworn as a witness for the defendant, after the complainant had rested, and testified to the execution of a deed from Oliver E. Mosher to the defendant, and, on cross-examination, testified that he had an impression that there was a former deed, but could not swear absolutely about it, and his impression was that the former deed ran to the younger son, Alva; and in answer to the question, "And you got that impression from either Mr. Weir or Mr. Mosher, didn't you?" he answered, "No, sir; I think I drew the deed, as I remember it; I couldn't swear to it;" and repeated that it was his impression that there was such a deed, but he could not swear to it, and, according to his recollection, the deed was to be left at the bank. The witness was unable to state what the conditions were upon which the deed was to be recorded. He seems to have gathered the impression that the deed was drawn and

deposited, and that Oliver E. Mosher retained the right to cancel it if he saw fit. But his recollection is too indistinct to make for or against this theory.

The complainant called two witnesses who gave testimony of admissions or statements made by Oliver E. Mosher in his lifetime to the effect that he had deeded this land to Alva Mosher, reserving a life estate, and that the deed was deposited with Mr. Weir, to be recorded upon his decease. The first witness who testifies upon this subject is one Mr. Walworth, and he testifies that Mr. Mosher said: "I shan't live but a year or two, and Alva will be all right at my death." He said that at his death Alva would have the Hillsdale property; that he had deeded the property to Alva and Eva; he had placed the deed in Robert Weir's hands, to be recorded at his death. This conversation took place in December, 1889, and the deed is alleged in the bill of complaint to have been made the 17th of December, 1884. Isaac Baker, who is a brother of the first Mrs. Mosher, testified more fully. He testified that, in 1884, Oliver E. Mosher was indebted to one Eliza Miller in the sum of $750, or thereabouts, and that Oliver stated that he wanted Alva to assume this debt, and that he would give him and his wife a deed of the house and lot where he lived, reserving it to live in while he lived, and that he afterwards told the witness that the deed was deposited with Robert Weir, and was left there to be recorded at his death or his wife's, and that he told him also that Alva did assume the debt,—that he gave his, Alva's note, and took up his, Oliver's. This is the only consideration shown for the deed.

Complainant called as a witness Mary F. Brown, the sister of Eliza Miller, who has since deceased, and she gave a very different color to the transaction relating to the taking up of the note running to Eliza Miller. In answer to the question, "Now, how did he pay the note?"

she testifies: "Well, he put it in this way: He said he came to pay the note, and wanted to know if she wanted the money; that is, he wanted to know if she wanted the money, to bring it to the bank. It seems that it was in the bank when he came to pay it, and he was going to have her go down to the bank to pay it. And in the conversation he said that Alva Mosher wanted the money, if she wanted him to have it, and he had brought a note from Alva, and that would exchange his note and give to him, and give her Alva's note;" and that this transaction was consummated. The precise date of this conversation is not fixed by this witness, but she testifies that her recollection is that it was after the death of the first Mrs. Mosher. The testimony shows that she died in March or May, 1886. In this recollection of the date, the witness is corroborated by the testimony of Solomon D. Mosher, a brother of the deceased, who testified that in August, 1886, Alva Mosher spoke to Oliver, his father, in the presence of the witness, and said, "Are you going to return that money?" referring to the money owing to Eliza Miller, and Oliver replied that he expected to; and that Alva then said: "I shall want to hire it, if you ain't going to hire it any longer. Q. Now, at that very time, wasn't he going to pay this note? Wasn't Oliver Mosher going to pay this note? A. No; not just then. He said he was going to pay it, and Alva said, if he did, he didn't know but he would like to hire it." This testimony is wholly inconsistent with the claim that the consideration for this deed two years previous was furnished by Alva Mosher assuming the payment of this note to Eliza Miller.

While there is sufficient testimony in the case to justify a finding that a deed was executed and deposited with Weir, yet we are convinced that the allegation in the bill that it was upon a consideration actually paid by Alva

Mosher is not sustained, and that such deed was subject to recall by Oliver E. Mosher, and the fair inference from the testimony is that it was recalled after his marriage to defendant, and destroyed. This he had a right to do. *Taft v. Taft*, 59 Mich. 185. As the complainant has failed to establish the title alleged in the bill, no relief can be granted him in this proceeding.

The decree of the court below will be reversed, and the bill dismissed, with costs.

The other Justices concurred.